# United States Court of Appeals for the Federal Circuit

04-1462


STORAGE TECHNOLOGY CORPORATION
(doing business as Storagetek),

Plaintiff-Appellee,

v.


CUSTOM HARDWARE ENGINEERING & CONSULTING, INC.,

Defendant-Appellant,

and

DAVID YORK,

Defendant-Appellant.

Charles W. Steese, Steese & Evans, P.C., of Denver, Colorado, argued for plaintiff-appellee. With him on the brief was Sandra L. Potter. Of counsel on the brief were Michael D. Broaddus, Perkins Coie LLP, of Seattle, Washington, and Bobbee J. Musgrave, Musgrave & Theis, LLP, of Denver, Colorado. Of counsel were Jerry A. Riedinger, Perkins Coie LLP, of Seattle, Washington, and Mark T. Wasden, of Washington, DC; and Teresa L. Ashmore, Musgrave & Theis LLP, of Denver, Colorado.

Dean L. Franklin, Thompson Coburn LLP, of St. Louis, Missouri, argued for defendants-appellants Custom Hardware Engineering & Consulting, Inc. and David York. Of counsel on the brief were Edwin G. Harvey and Nicholas B. Clifford, Jr., Simon Passanante, PC, of St. Louis, Missouri, and Anthony G. Simon.

Joseph D. Steinfield, Prince, Lobel, Glovsky & Tye, LLP, of Boston, Massachusetts, for defendant-appellant David York.

Appealed from: United States District Court for the District of Massachusetts

Judge Rya W. Zobel

# United States Court of Appeals for the Federal Circuit

04-1462

STORAGE TECHNOLOGY CORPORATION
(doing business as StorageTek),

Plaintiff-Appellee,

v.

CUSTOM HARDWARE ENGINEERING & CONSULTING, INC.,

Defendant-Appellant,

and

DAVID YORK,

Defendant-Appellant.

_____

DECIDED:  December 14, 2005
_____

ON PETITION FOR REHEARING

Before RADER, SCHALL, and BRYSON, <u>Circuit Judges</u>.

Opinion for the court filed by <u>Circuit Judge</u> BRYSON.  <u>Circuit Judge</u> RADER dissents.

BRYSON, <u>Circuit Judge</u>.

Storage Technology Corporation ("StorageTek") has filed a petition for rehearing raising a number of points on which it submits the panel erred in an opinion issued on August 24 of this year.  <u>Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting,</u>

Inc., 421 F.3d 1307 (Fed. Cir. 2005).  We believe two of the points made in the petition would benefit from a brief additional discussion.

1.  The statutory defense to copyright infringement set forth in 17 U.S.C. § 117(c) for "machine maintenance and repair" provides that it is not a copyright violation for the owner of a machine to make or authorize the making of a copy of a computer program if (1) the copy is made "solely by virtue of the activation of a machine" that contains an authorized copy of the program, (2) if the copy is made "for purposes only of maintenance or repair of the machine," (3) if the new copy is not used in any other manner and is destroyed immediately after the maintenance or repair is completed, and (4) with respect to any computer program or part of the program that is not "necessary for [the] machine to be activated," the program "is not accessed or used other than to make a new copy by virtue of the activation of the machine."

StorageTek argues that the statutory defense to copyright infringement set forth in section 117(c) is not available to Custom Hardware Engineering & Consulting, Inc., ("CHE") because, inter alia, CHE accessed and used StorageTek's copyrighted software, a part of which—the "maintenance code"—was "not necessary for [the] machine to be activated."

As we noted in our original opinion, determining whether a particular piece of software is "necessary for [the] machine to be activated" is not a simple task.  Because the meaning of that important statutory phrase is not obvious, we looked to the general operation of the statute, and in particular to section 117(d), which defines repair and maintenance in a way that makes clear that a service provider must be able to cause a computer to boot up in order to determine if the computer "works in accordance with its

original specifications." 17 U.S.C. § 117(d). In this case, we noted, StorageTek's maintenance code is so entangled with the functional code that the entire code must be loaded into RAM for the machine to function at all. For that reason, we concluded that, in the particular circumstances of this case, loading the maintenance code into RAM is "necessary" for the machine to be activated. StorageTek argues in its petition, as it did previously, that loading the maintenance code was not "necessary" for activating the machine because it could be loaded into RAM with one of its functions disabled. While that may be true, it does not change the fact that a copy of the entire maintenance code must be loaded into RAM when the machine is turned on, as was conceded at the preliminary injunction hearing by the StorageTek employee responsible for software development.

That fact is of particular importance in light of StorageTek's reliance on the legislative history of section 117(c). StorageTek quotes a portion of the Senate Report that refers to the possibility that a hardware manufacturer or software developer might provide diagnostic and utility programs that load into RAM along with or as part of the operating system. The quoted excerpt from the Senate Report goes on to state that the section 117(c) defense is not intended to legitimize unauthorized access to and use of such programs "just because they happen to be resident in the machine itself and are reproduced with or as part of the operating system when the machine is turned on." S. Rep. No. 105-190, at 58 (1998). StorageTek argues that that passage is directly applicable to this case. The portion of the Senate Report immediately preceding that passage, however, indicates that the passage was not intended to apply to software

programs that needed to be loaded into RAM in order for the machine to be turned on. The Senate Report explains:

> [A]s is made clear in paragraph (c)(2), the amendment is not intended to diminish the rights of copyright owners of those computer programs, or parts thereof, that also <u>may</u> be loaded into RAM when the computer is turned on, <u>but which did not need to be so loaded in order for the machine to be turned on.</u>

S. Rep. No. 105-190, at 57 (emphasis added). Because the maintenance code in the StorageTek system must be loaded into RAM for the system to be activated, the passage from the legislative history on which StorageTek relies is inapplicable. We therefore reject StorageTek's argument that the statutory language and the legislative history clearly preclude CHE from invoking the defense of section 117(c).

2. StorageTek also challenges this court's conclusion that StorageTek's license agreement with its customers allows CHE, as the customers' agent, to copy StorageTek's software into RAM during the activation of the customers' tape libraries. StorageTek argues that the court's holding in that regard "rests on significant misquotations of the plain language of the StorageTek license." Specifically, StorageTek argues that the court interpreted the term "Internal Code" in StorageTek's licenses to include the maintenance code, despite the fact that the licenses specifically define "Internal Code" to exclude the maintenance code.

Our decision did not rest on an interpretation of the term "Internal Code," but rested instead on our conclusion that permission to copy StorageTek's software was implicit in the licensing agreement, which permits the licensee to activate the equipment. StorageTek's license stated that "StorageTek grants Customer a personal license to use Internal Code for the sole purpose of enabling the specific unit of

Equipment for which the Internal Code was provided . . . ." We interpreted that provision to allow the customer to activate the Management and Control Units, a process that automatically copies StorageTek's software (both the functional code and the maintenance code) into RAM. Because an inevitable consequence of "us[ing] Internal Code for the sole purpose of enabling the specific unit of Equipment for which the Internal Code was provided" is to copy the maintenance code into RAM, the license had to be interpreted to authorize this inevitable consequence as well, even though the license explicitly provided that it was conferring no rights to the maintenance code. Thus, we reiterate the point made in our initial opinion: the license provisions must be interpreted to allow the licensees to activate their equipment, and because StorageTek made it impossible to activate that equipment without copying the maintenance code, the license necessarily authorizes the copying of that code.

For those reasons, and for the reasons set forth in our original opinion, we deny the petition for rehearing.


RADER, Circuit Judge, dissents.

04-1462                                              5